**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

RONALD ELLISON,                              :
                                                              :
      Plaintiff,                          :
                                                              :
v.                                                           :                    Case No.: 1:11-CV-66 (WLS)
                                                              :
LESLIE LAMB, *et al.*,                       :
                                                              :
      Defendant.                       :
_____  :

## ORDER

On August 13, 2013, the Court issued an Order to Show Cause ordering Plaintiff to show good cause in writing as to why his Complaint (Doc. 1) should not be dismissed because of his failure to serve process on several Defendants and prosecute his case. (Doc. 17.)  The Court noticed and advised Plaintiff that a failure to comply with the Court's Order to Show Cause could result in dismissal of Plaintiff's action without further proceedings.  (*Id.* at 1.)

A "district court's power to control its docket includes the inherent power to dismiss a case," *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983), "enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) and *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).  Involuntary dismissal of a case is permitted where a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  A case may be involuntarily dismissed when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not

1

suffice." *See Goforth*, 766 F.2d at 1535 (citations omitted).  Dismissing a case with prejudice is a "sanction of last resort, applicable only in extreme circumstances." *Id.* (citing *Jones*, 709 F.2d at 1458).

Given that Plaintiff has taken no action to prosecute this case since August 2, 2011 (*see* Doc. 11), and has failed to respond to the Court's Order to Show Cause (*see* Docket), the Court finds that there is a clear record of delay.  As such, it is appropriate to dismiss the above-captioned matter for Plaintiff's failure to prosecute.

The Court recognizes that Plaintiff is proceeding *pro se*.  This Court has a longstanding practice of treating *pro se* litigants with leniency.  *See*, *e.g.*, *McCormick v. Alligood*, No. CV 308-084, 2009 WL 256751, at *2 (S.D. Ga. Feb. 3, 2009) (citations omitted).  Consistent with this leniency to *pro se* litigants, this Court will not take the harsh action of dismissing Plaintiff's Complaint with prejudice.  Rather, the Court is dismissing the instant action without prejudice.  The Court finds that lesser sanctions would not suffice.  *See Goforth*, 766 F.2d at 1535.

Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's Order to Show Cause.  (Doc. 17.)

**SO ORDERED**, this  5th  day of September, 2013.


/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**